JOHN JERRETT *et al. vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

A life insurance company issued a policy dated July 6, 1892, on an application which contained the following questions and answers: "Has this company ever refused to issue a policy on this life?" Answer, "No." "Have any members of your immediate family (parents, brothers or sisters) ever been or are they now affected with consumption? If so, state age and relationship, and whether living or dead." Answer, "Yes, mother died of phthisis, aged 37." The facts were that the applicant had made an application to the company for insurance April 3, 1892, which had been rejected; that the applicant's sister had died of consumption June 25, 1891, at the age of about 21 years, and that the applicant knew the cause of her sister's death. The policy expressly made the application a part thereof, and it was also stipulated therein and in the application that if the statements or answers in the application were in any respect untrue, the policy should be void. The assured died of consumption or phthisis August 23, 1893, at the age of about 23 years.

*Held,* that the policy was void.

PLAINTIFF'S petition for a new trial.

This case was tried in the Common Pleas Division of the Supreme Court, before Mr. Justice Rogers, jury trial being waived, and the following decision given :—

*May* 31, 1894.   ROGERS, J.   This is an action of covenant on a policy of insurance issued by the defendant corporation on the life of Rose Harney (afterwards Jerrett) and payable to her father, David Harney. The assured, after the issuance of the policy and before her death, married John Jerrett, and this suit, originally brought in the name of John Jerrett and David Harney, has been discontinued as to John Jerrett. The policy was dated July 6, 1892, and contained, *inter alia,* these provisions: "If any statement or answer in said application, which application is hereby referred to and made a part hereof, is in any respect untrue . . . . . then this policy shall be void." "No person except the president or secretary is authorized to make, alter or discharge contracts, or waive forfeiture." It was also in proof that rejections could only be made at the home office. The application showed that the assured was born January 13, 1871, and the proof showed that she died August 23, 1893, of consumption. The application contained various ques-

tions to be answered, and that were answered, by the assured. Following the questions, and immediately preceding the signature of the assured, was this declaration: "I hereby dèclare that I am the person described in this application, that I have given true answers to all questions put to me, and I am aware that any untrue or fraudulent answers to any questions, or any suppression of facts with regard to my health, will vitiate the policy." The application at its beginning contained this statement, viz.: "Application is hereby made to the John Hancock Mutual Life Insurance Company for insurance, and as the basis of such insurance the following statements are made, which, including those made to the medical examiner, shall form a part of the contract for insurance, and if in any respect untrue, the policy issued on this application shall be void." To one of these questions in the application, viz., "Has this company ever refused to issue a policy on this life?" the assured answered "No," but the proof was that the assured had made a previous application to the defendant company for insurance April 3, 1892, which had been refused. To one of the questions in the application, viz., "Have any members of your immediate family (parents, brothers or sisters) ever been, or are they now, affected with consumption? If so, state age and relationship, and whether living or dead," the assured answered, "Yes, mother died of phthisis, aged 37," but the evidence showed that the assured's sister, Mary A. Harney, had died of pulmonary tuberculosis June 25, 1891, aged 21 years 3 months and 16 days. The proof shows that it was a rule of the company (though not printed on the application) that a death from consumption in each of two succeeding generations would cause rejection of the application of a member of that family. It was in proof that consumption, phthisis, and pulmonary tuberculosis are only different names for the same disease.

Dr. F. G. Bennett was the medical examiner upon both of the assured's applications. At the date of the assured's first application her mother was sick with consumption and the medical examiner recommended rejection, and it was rejected

at the home office, where alone the power to reject existed. At the date of the assured's second application, assured's mother had died of consumption, and the medical examiner recommended that a policy be issued, and the home office issued one. The testimony showed that the reason for rejection by the examining physician of the first application was because the mother then being sick and the assured being at home attending her, there was danger of infection or contagion, whereas after the mother's death the only danger was from heredity, so far as the mother's sickness or death was concerned. The examining physician knew at the time of the second application by assured that the assured was the same person that he had examined and recommended for rejection, but there was no proof that he knew whether her application had been rejected at the home office, or whether she had voluntarily withdrawn it, or what disposition had been made of it. At the time of neither application did the medical examiner know that the assured's sister had died of consumption.

The defendant contends that the policy is void on account of the assured's misrepresentations and suppression of facts, both as to her sister's death from consumption and as to the defendant's refusal to issue a policy on assured's own life.

The plaintiff contends that there is no proof that assured knew that her sister Mary died of consumption, and he also contends that there was a waiver of any forfeiture or avoidance of the policy on account of the misrepresentation in regard to the rejection of the assured's first application, because the same medical examiner examined her at the time of both applications.

In the opinion of the court the policy was avoided. The assured's answers to questions were warranties, at least as to important subjects, and the death of the assured's sister near her own age, from consumption, but a year or so before her own application, especially when her mother had also died of consumption, was information of such importance as the defendant company was entitled to in determining whether it would accept the risk. 1 May on Insurance, § 201. It was

not claimed that assured did not know that her sister Mary had died of consumption, but only that there was no proof that she did know it.    Even granting that it was necessary to prove knowledge on the part of the assured of the cause of her sister's Mary's death, which the court does not think necessary, yet the proof does show that the assured was on friendly terms with her family, her policy being made payable to her father, and she having been home caring for her mother during her mother's sickness after her sister's death.    The assured was nearly or quite twenty years old when her sister died, and the court is satisfied from the evidence that the assured must have known of the cause of her sister Mary's death, which occurred no further away than Attleborough, she living at Central Falls, and it appearing in proof that the sister was buried at Pawtucket.    (See certificate of Mary's death.)

The court is also of the opinion that there was no waiver of the avoidance of the policy on account of the misrepresentation as to defendant's refusal to issue a policy.

The decision of the court is that for the reasons above set forth the defendant corporation is entitled to judgment for costs.

The plaintiffs subsequently preferred their petition for a new trial.

*December* 21, 1894.    PER CURIAM.    Plaintiff's petition for a new trial denied and dismissed.    Decision of the Common Pleas Division affirmed and adopted as the opinion of this division.    Case remitted to the Common Pleas Division for further proceedings.

*Hugh J. Carroll*, for plaintiff.
*Edwin D. McGuinness & John Doran*, for defendant.